IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Alroy James St. Claire,            )<br>                                               )<br>            Petitioner,              )<br>                                               )<br>    vs.                                    )<br>                                               )<br>United States of America,       )<br>                                               )<br>            Respondent.           )<br>                                               )<br>                                               )<br>United States of America,       )<br>                                               )<br>            Plaintiff,                  )<br>                                               )<br>    vs.                                    )<br>                                               )<br>Alroy James St. Claire,            )<br>                                               )<br>            Defendant.             )<br>                                               ) | **ORDER FOR JUDGMENT<br>AND JUDGMENT<br>DENYING MOTION TO VACATE**<br><br>Civil File No.  3:08-cv-76<br><br><br><br><br><br>Crim. File No. 3:06-cr-106-08 |

Before the Court is a motion by Petitioner/Defendant Alroy James St. Claire to Vacate this Court's August 8, 2007 judgment, which sentenced him to 172-months imprisonment, pursuant to 28 U.S.C. § 2255.   St. Claire submitted a brief in support of the § 2255 petition.

A prisoner in custody may move the court that imposed the sentence to vacate, set aside, or correct that sentence on the grounds that the sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  A court should liberally construe a pro se petition filed under this statute.  Saunders v. United States, 236 F.3d 950, 953 (8th Cir. 2001).

1

Unless the motion, files, and records "conclusively show that the prisoner is entitled to no relief," a petitioner is entitled to an evidentiary hearing on his § 2255 claim. 28 U.S.C. § 2255. Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007).

St. Claire's raises two grounds upon which his motion is based: 1) Ineffective assistance of counsel; and 2) Violation of due process.

A one-year period of limitation applies to motions filed under § 2255. The limitation period runs from the latest of:

> 1) the date on which the judgment of conviction becomes final;
> 2) the date on which the impediment to making a motion created by governmental action . . . is removed . . .;
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. St. Claire's petition was filed less than a year after he was sentenced. It is, therefore, timely.

St. Claire argues that his sentence should be reduced to 120 months so that it is consistent with the plea agreement. He argues his counsel's failure to object to the 172-month sentence constituted ineffective assistance of counsel.

At the outset, the Court notes that St. Claire entered into a partial waiver of his rights to seek post-conviction relief in his plea agreement. The plea agreement stated:

> Except for a claim of ineffective assistance of counsel, the defendant further waives all rights to contest defendant's conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255. Defendant specifically acknowledges that the Eighth Circuit Court of Appeals has upheld the enforceability of a provision of this type in United States v. His Law, 85 F.3d 379 (8th Cir. 1996). Therefore, defendant understands that any appeal or other post-conviction relief defendant might seek should be summarily dismissed by the

Court in which it is filed.

St. Claire waived his right to seek post-conviction relief on any basis except for effective assistance of counsel.  The plea agreement was signed by the defendant, and the Court discussed this waiver with St. Claire during the change of plea hearing.  Therefore, St. Claire's due process claim is **DENIED** as waived.

St. Claire's right to seek relief for ineffective assistance of counsel was not waived.  For an ineffective assistance of counsel claim to succeed, both parts of the *Strickland* test must be met: First, the movant must show that counsel's conduct fell below an objective standard of reasonableness, amounting to errors so serious that he was denied "counsel" as guaranteed by the Sixth Amendment; Second, the movant must show that absent the errors, there is a reasonable probability that the result of the proceeding would have been different.  Williams v. United States, 452 F.3d 1009, 1012-13 (8th Cir. 2006).

St. Claire argues counsel committed two errors: First, counsel failed to clarify St. Claire's parole status during the sentencing hearing;  Second, counsel deceived St. Claire into believing he was signing a plea agreement for a 120-month sentence.

The first alleged error is completely without merit.  The Court was aware that St. Claire was not on parole at the time of the offense.  No points were assigned to his criminal history score for being on parole at the time of the offense.  His parole status had no effect on the sentence in any way.

The second alleged error is also without merit.  The plea agreement in this case specifically stated the minimum mandatory sentence was 240 months.  The Court advised the defendant during the change of plea hearing that a 240-month minimum mandatory sentence

would apply.  On January 12, 2007, some three months prior to the change of plea hearing, the United States filed a Notice Regarding Prior Convictions for Enhanced Sentence Pursuant to 21 U.S.C. § 851(a)(1) (Doc. #129) that specifically stated a 240-month minimum mandatory sentence would apply if the defendant were convicted.  In sum, the defendant was well-advised of the applicable minimum mandatory.

Moreover, even had the plea agreement entertained a 120-month sentence, the plea agreement was not binding on the Court, as was specifically stated in paragraph 5 of the agreement.  St. Claire was advised during his change of plea hearing that the Court could give him any sentence it saw fit.  It does not appear to the Court that counsel made any errors that fell below an objective standard of reasonableness.  The defendant's 2005 conviction for controlled substance crime in the fifth degree triggered the 240-month minimum mandatory, and no action by counsel or the Court could have allowed a 120-month minimum mandatory to apply.

The petition and supporting brief, along with the entire record, conclusively show that St. Claire is entitled to no relief on Ground One.  Ground Two was waived.  His motion to vacate is therefore **DENIED**, and this action is **DISMISSED** with prejudice.  In addition, the Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  Dismissal of this motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983).  Therefore, a certificate of appealability will not be issued by this Court.

**IT IS SO ORDERED AND ADJUDGED** that this petition is dismissed in its entirety.

Dated this 16th day of September, 2008.

                                                                  */s/ Ralph R. Erickson*
                                                              Ralph R. Erickson, District Judge
                                                               United States District Court